1  Chelsie M. Santillan
2  2719 U Street #!5
3  Sacramento, CA 95818
4  916-600-2296
5  Pro Se, Plaintiff

[FILED

FEB 26 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSIE M. SANTILLAN<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA BAR EXAMINERS, and DOES 1-100<br><br>Defendant. | No. 2:24cv 0571 DJC JDP (PS)<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES ACTUAL AND PUNITIVE, JURY TRIAL AND DECLARATORY ORDER** |

**COMPLAINT**

Plaintiff, Chelsie M. Santillan, hereby brings this action against the California Bar Examiners (CBE), and Does 1-100 (collectively referred to as "Defendants"), and alleges as follows: This is an action for injunctive relief, actual damages, punitive damages, and other appropriate relief arising out of Defendants' discriminatory and unconstitutional administration and grading of the California Bar Examination and determination of moral character.

**I. Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution and laws of the United States, discriminatory action in violation of the Equal Protection and Due Process Clause of the Fourteenth Amendment, and effectively restricts speech content in violation of the First Amendment of the United States Constitution.

This Court has personal jurisdiction over the Defendants because they conduct business

within the Eastern District of California and have subjected themselves to the jurisdiction of this Court by engaging in conduct that affects individuals within this district.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**II. Parties**

Plaintiff Chelsie M. Santillan is an individual residing in Sacramento, California.

Defendant California Bar Examiners (CBE) is responsible for administering the California Bar Examination and determining the moral character of applicants seeking admission to the California State Bar.

Defendants Does 1-100 are individuals employed by the CBE who participated in the actions alleged herein, and their true identities are presently unknown to Plaintiff.

**III. Factual Allegations**

Plaintiff is a qualified and competent JD graduate seeking admission to the California State Bar.

Plaintiff has a documented disability and requires certain accommodations to ensure fair and equal access to the bar examination.

Plaintiff attempted to register for the February 2024 administration of the California Bar Examination but was denied access to the testing site of her choice due to the lack of available disability accommodations.

The California Bar Examination is administered in a manner that is unfair and discriminatory towards economically disadvantaged applicants because it requires an applicant to have time, approximately 600 hours, to memorize to proficiency thousands of rules, which is unduly burdensome to those applicants who are employed.

Where the California Bar Exam purports to test competency and the means for which they use are unduly burdensome on low-income applicants, and there are less restrictive means to test competency, such as providing an appendix of rules to applicants via PDF or paper copy to hand-writers, and implementation of an appendix would come at little to no cost to create given its electronic form, the exam as administered is discriminatory, prejudicial, not a test of competency

2

but rather a restraint on speech.

The grading system used for the bar examination is arbitrary and prejudicial, resulting in unequal treatment of applicants based on factors such as their socioeconomic background and the type of law school they attended.

Plaintiff asked in a public comment to the California Bar Examiners how graders were monitored while grading examinations to ensure proper adherence to process and procedures required of bar examiner graders, and plaintiff is still awaiting a coherent answer.

The California Bar Examination and associated costs create barriers to entry for economically disadvantaged individuals, depriving them of equal protection under the law and due process.

Defendants have violated Plaintiff's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by administering the bar examination in an unfair and discriminatory manner.

I was denied access to my chosen testing site because it lacked disability accommodations, a site where second-time test takers from ABA-accredited schools pass, because the applicant pool of test-takers in which exams are piled in with for grading are less competitive, as the schools surrounding the location are CBA accredited schools.

Students attending CBA accredited law schools enjoy lower enrollment fees, tend to be employed, and have families to look after.

CBA graduates tend to have less time to study for the examination because of their need to work.

I have to work in order to pay for costs associated with living and as a result cannot afford the required 600 hours of studying demanded to memorize 20,000 rules to proficiency, but I am able to synthesize the rules, however, when my exam is piled together for grading with applicants having the economic means necessary to study for 600 hours, access to bar prep courses, and tutors, I am deemed unqualified because my answers do not reflect 600 hours of studying.

I was denied access to a site with likely situated applicants due to my disability needs, where I would have had a fair chance at passing.

Paying to sit for this examination is a risk to sustaining my livelihood, as my income qualifies me for government assistance, to be denied a fair chance at passing due to my disability and my socio-economic status is a violation of Equal Protection and Due Process and results in the deprivation of my property interest to legally practice law in California as a licensed attorney.

I am required to have a bar license to legally advocate on behalf of a client in a public forum so that the promises of the Constitution are upheld, fundamental rights are not violated by state action, and where the exam is unfairly prejudicial and discriminatory, evidence by the marginal number of licensed attorneys from low-income households, this exam results in censorship of content specific speech, legally sound, real-world experienced, common-wealth advocate, competent and qualified attorneys who are poor.

The lack of fee waivers or reduced prices for exam-related costs and prep courses unfairly burdens economically disadvantaged applicants and violates principles of equal protection and due process.

The bar examination's format and associated costs disproportionately disadvantage poor applicants and hinder their ability to advocate for justice and is a restraint on Speech.

I have experienced emotional distress and physical manifestations due to discriminatory practices and unfair treatment during the examination process.

Despite being of good moral character, I was wrongfully denied good character based on the illegal demand for my medical records, which violated my privacy rights and subjected me to discrimination because it is uncommon to require an applicant to disclose medical records given HIPAA protection.

The disclosure of my private medical information relinquished to the CBE was done so while under duress and resulted in loss of income, employment opportunities, and emotional and mental anguish.

I have been treated differently and unfairly throughout the examination process, likely, retaliatory discrimination after writing and sharing amongst the legal community a memorandum regarding the California Bar Examiners negligence in not having established preemptive procedures for administering the bar exam during emergency situations where an in-person

administration of the bar exam is impracticable, because there have been emergencies in the past that hindered an in-person administration of the bar exam and the CBE should have anticipated another emergency, but did not and its sub-par administration of the October 2020 exam was discriminatory because it required test takers to have high-speed internet, a requirement that low-income test takers could not meet.

In my moral character evaluation I was offered an abeyance due to a history of substance abuse, but I also provided evidence of completion of rehabilitation programs and a lengthy history of life free from the use of illicit drugs, but the Bar Examiners deemed my sobriety insufficient and in the abeyance offer it required me to enter, the LAP program, a program that required me to drug test for a high fee and enroll in drug diversion classes that also required a fee. The program did not accept medi-cal nor offered fee reductions to low-income persons an, and in turn, the Bar Examiners said attending three self-help meetings a week would satisfy them, but I replied that the offer was void for vagueness. It seems that the California Bar Examiners can make up rules as they go and where there examination is not an examination of competency but rather require applicants to not be poor and the grading standards are not uniform, this examination is illegal, unconstitutional and it feels wrong that I am required to engage in an illegal act, so that I may be licensed to uphold the law at the expense of my livelihood.

Additionally, I initiated an appeal to my moral character determination that I voluntarily dismissed after one of the California Bar Examiners convinced me that I had no chance given my medical.

**IV. Claims for Relief**

Claim One: Violation of Due Process and Equal Protection

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

Defendants' actions in administering the California Bar Examination and determining moral character have deprived Plaintiff of her rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Defendants' actions constitute intentional discrimination against Plaintiff and similarly situated individuals based on their socioeconomic status and disability.

Defendants' actions are arbitrary, capricious, and lacking in rational basis, and they have denied Plaintiff fair and equal treatment under the law.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Issue a preliminary injunction prohibiting Defendants from administering the February 2024 California Bar Examination and future California Bar Examinations until appropriate accommodations are made for Plaintiff and other similarly situated individuals;

B. Award Plaintiff actual damages, punitive damages, and other appropriate relief;

C. Declare that Defendants' actions violate Plaintiff's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment and are censoring protected Speech;

D. Reasonable court and attorney fees

E. Grant any further relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

2/26/24
Dated

Chelsie M. Santillan
Pro Se Plaintiff
2719 U Street #15
Sacramento, CA 95818
916-600-2296

6