UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSIE M. SANTILLAN, | Case No. 2:24-cv-00571-DJC-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND GRANTING HER MOTION TO ISSUE SUMMONS |
| CALIFORNIA BAR EXAMINERS, *et al.*, | |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED |
| | ECF Nos. 4, 21, 22, 23, 24, 28, & 29 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a law school graduate who has been unsuccessful in her endeavor to become a licensed attorney in California. Her seventh amended complaint alleges that the Committee of Bar Examiners (the "Committee") and seven of its employees have denied her admission to the California State Bar by both interfering with her attempts to pass the bar examination and improperly evaluating her moral character application.[1] ECF No. 20. Plaintiff claims that

---

[1] Since commencing this action, plaintiff has filed amended complaints in rapid succession. Her original complaint named the Committee as the sole defendant, but she has

1

1  defendants' conduct violated her First and Fourteenth Amendment rights, Title II of the
2  Americans with Disabilities Act, and California law. *Id*. The Committee moves to dismiss for
3  both lack of jurisdiction and failure to state a claim. ECF No. 28. Also pending are plaintiff's
4  motion for sanctions, ECF No. 21, motions for injunctive relief, ECF Nos. 4, 23, & 24, and
5  motion for issuance of summons, ECF No. 29. I will grant plaintiff's motion for issuance of
6  summons and deny her motion for sanctions. I also recommend that the Committee's motion to
7  dismiss be granted and plaintiff's motions for injunctive relief be denied.

## Motion for Sanctions

On April 23, 2024, the Committee filed an ex parte application for an extension of time to respond to plaintiff's sixth amended complaint.[2] ECF No. 21. Plaintiff subsequently filed a motion for sanctions under Rule 11, arguing that the Committee's ex parte application intentionally misrepresented that plaintiff had not served all individual defendants named in her amended complaints. ECF No. 21 at 3-4.

Although plaintiff may have attempted to complete service for the individual defendants, it was not possible for her to do so since the Clerk of Court has yet to issue summons for those defendants. Accordingly, there is no basis for finding that the Committee's counsel violated Rule 11, and plaintiff's motion for sanctions is therefore denied.

## Motion to Dismiss

### I. Background

Plaintiff alleges that after she graduated from law school, she registered to take the October 2020 bar examination, which was administered remotely due to the Covid-19 pandemic. ECF No. 20 at ¶¶ 13, 26. Plaintiff, however, was unable to sit for that exam because she did not

---

added additional defendants in her amended complaints. In the most recently filed complaint, the seventh amended complaint, plaintiff asserts claims against the Committee and seven individual defendants. Although plaintiff did not seek leave to file any of the amended complaints, given her pro se status, I will permit her to proceed on the seventh amended complaint. I will also grant her motion to issue summons for the individual defendants, ECF No. 29, who have yet to be served.

[2] After this application was filed, plaintiff submitted her seventh amended complaint. ECF No. 20

1  have the financial means to pay for highspeed internet and a laptop that were required to take the
2  exam online. *Id.* ¶ 26. In July 2020, she published a "Memorandum of Public Concern"
3  ("memo") which criticized the Committee for "not having in place preemptive measures for
4  administering the . . . Bar Exam when there is a disaster and an in-person administration of the
5  examination is impracticle." *Id.* ¶¶ 26, 43. Plaintiff also wrote a song and produced a music
6  video, which she posted on Facebook and Youtube, that were critical of the Committee. *Id.* ¶¶
7  34, 41.
8       Plaintiff unsuccessfully took the bar exam in July 2023, missing a passing score by sixty
9  points. *Id.* ¶ 21. Being dissatisfied with that "false Fail score," plaintiff asked that the Committee
10 produce information about its grading protocols and procedures. *Id.* ¶ 37. Plaintiff subsequently
11 registered to sit for the February 2024 exam. She also submitted a request to take the exam in
12 Ontario, California, and to be provided testing accommodations due to her disability.[3] *Id.* ¶¶ 15,
13 37. The Committee granted her request for testing accommodations but not the request to
14 administer the test at the Ontario test site. It notified plaintiff that the requested accommodations
15 were not offered at the Ontario site, and that she would have to take the exam in Sacramento. *Id.*
16 ¶¶ 15, 77. She contends the Committee denied her request to take the exam in Ontario as
17 retaliation for inquiring about the Committee's grading and for publishing her Memorandum of
18 Public Concern and music video.[4]
19      Plaintiff also claims that the Committee thwarted her efforts to gain admission to the State
20 Bar by improperly handling her moral character application. Plaintiff alleges that within a few
21 months of publishing her memo and music video, the Committee notified her that it would defer
22 making a final determination due to plaintiff's history of substance abuse. *Id.* ¶ 33. Instead, it
23 offered plaintiff an abeyance agreement that required her to participate in the State Bar's Lawyer

---

[3] Plaintiff alleges neither the nature of her disability nor the specific accommodations she requested.

[4] Plaintiff claims that applicants who take the exam in Ontario are more likely to receiving a passing score than those who take it in Sacramento. ECF No. 20 at ¶ 16. According to plaintiff, the Ontario "applicant pool of test-takers for which exams are piled together for curved grading are less competitive" because the surrounding law schools are not accredited by the American Bar Association. *Id.*

Assistance Program, which would have required her to pay for frequent and expensive drug testing. *Id.* ¶ 33. After plaintiff notified the Committee that she could not afford the cost of drug testing, it notified her that she could attend three self-help meetings each week in lieu of drug screenings. *Id.* ¶ 33. Plaintiff, however, rejected that offer, claiming that it was "void for vagueness" because the Committee did not define the term "self-help meetings." *Id*. ¶¶ 33, 68.

Plaintiff then filed an appeal challenging the Committee's adverse moral character determination. *Id*. ¶ 34. While that appeal was pending, defendant Mills, an investigator employed by the Committee, demanded that plaintiff produce her medical records, which showed that plaintiff had been involuntarily hospitalized within the past year. *Id.* ¶ 34. Shortly after these records were produced, one of the Committee's attorneys, defendant Stine, deterred plaintiff from pursuing her appeal by stating to plaintiff, "Do you really think you can represent someone after looking at your medical history?" *Id.* ¶¶ 69, 76. In May 2022, plaintiff dismissed her appeal challenging the Committee's adverse moral character determination.

Plaintiff alleges that the Committee's actions violated her right to free speech under the First Amendment and her rights to procedural and substantive due process and equal protection under the Fourteenth Amendment. She also alleges that the Committee failed to provide reasonable testing accommodations in violation of Title II of the ADA. Finally, she alleges various state law causes of action, including claims for intentional infliction of emotional distress, defamation, undue influences, and obstruction of justice. The Committee moves to dismiss for lack of jurisdiction and failure to state a claim. ECF No. 28.

**II.     Legal Standard**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id*. "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe*

4

1  *v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In evaluating such a claim, the court accepts the
2  allegations as true, and the plaintiff need not present evidence outside the pleadings.  *Id*.

3  In a factual challenge, the moving party "disputes the truth of the allegations that, by
4  themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.  "When
5  challenged on allegations of jurisdictional facts, the parties must support their allegations by
6  competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  The court does not simply
7  accept the allegations in the complaint as true.  *Safe Air*, 373 F.3d at 1039.  Instead, it makes
8  findings of fact, resolving any material factual disputes by independently evaluating the evidence.
9  *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

10  A complaint may be dismissed for "failure to state a claim upon which relief may be
11  granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a
12  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*
13  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff
14  pleads factual content that allows the court to draw the reasonable inference that the defendant is
15  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,
16  550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it
17  requires more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at
18  678.

19  For purposes of dismissal under Rule 12(b)(6), the court generally considers only
20  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
21  subject to judicial notice, and construes all well-pleaded material factual allegations in the light
22  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710
23  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The court
24  construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972)
25  (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the
26  plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes*
27  *v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d
28  903, 908 (9th Cir. 2014)).

### III. Discussion

The Committee argues that all of plaintiff's claims should be dismissed for lack of jurisdiction because it is entitled to immunity under the Eleventh Amendment. It further argues that each of plaintiff's claims is inadequately pled and should be dismissed for failure to state a claim. ECF No. 28.

#### A. 42 U.S.C. § 1983

As argued by the Committee, plaintiff's constitutional claims under 42 U.S.C § 1983 are barred by the Eleventh Amendment. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). This jurisdictional bar "extends not just to suits in which the state itself is named a party but also to those against an 'arm of the state.'" *Kohn*, 87 F.4th at 1026 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). The Ninth Circuit has recently reaffirmed that the California State Bar "is an arm of the state and entitled to sovereign immunity." *Kohn*, 87 F.4th at 1032; *Flinders v. State Bar of California*, No. 22-17014, 2024 WL 398430, at *1 (9th Cir. Feb. 2, 2024) (noting that "the State Bar is entitled to sovereign immunity"); *Vela v. State Bar of California*, No. 1:23-cv-01638-JLT-BAM, 2023 WL 8933289, at *2 (E.D. Cal. Dec. 27, 2023) ("The State Bar enjoys Eleventh Amendment protection and is entitled to immunity from suit in federal court."). The State Bar's Board of Trustees and Committee of Bar Examiners enjoy the same immunity. *Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (holding that the Eleventh Amendment barred the plaintiff's suit against the State Bar Board of Governors and the California Committee of Bar Examiners).

This immunity, however, is not absolute. States can be subject to suit in federal court if (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). "Congress may abrogate the [s]tates' Eleventh Amendment immunity when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'"

*Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)).

Section 1983 did not abrogate the states' sovereign immunity under the Eleventh Amendment, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and California has not consented to suit for section 1983 claims, *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Accordingly, plaintiff's constitutional claims against the Committee are barred by the Eleventh Amendment.

In any event, plaintiff has failed to state a claim for violation of her constitutional rights because the complaint's allegations demonstrate that she did not petition the California Supreme Court to review the Committee's refusal to certify her for admission to practice law. California vests its Supreme Court with "exclusive 'original jurisdiction over the . . . process'" of admitting attorneys to practice law. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1034 (9th Cir. 2023). "The California State Bar, on the other hand, "is the 'administrative arm' of the California Supreme Court 'for the purpose of assisting in matters of admission and discipline of attorneys.'" *Pell v. Nunez*, 99 F.4th 1128, 1131 (9th Cir. 2024) (quoting *Kohn*, 87 F.4th at 1024). The State Bar is tasked with examining candidates' qualifications and certifying to the California Supreme Court that each candidate has satisfied the admission requirements, including passage of the bar exam and being of good moral character. Cal. Bus. & Prof. Code §§ 6046, 6060. However, "[n]either the State Bar of California nor its Board of Governors nor its Committee of Bar [E]xaminers has any power to grant or to deny admission to the bar." *Pell*, 99 F.4th at 1131-32. Rather, the "Committee's decision to certify or not to certify an applicant 'is legally simply a recommendation' to the California Supreme Court; the supreme court alone has the power to decide whether to admit an applicant to the practice of law in California." *Margulis v. State Bar of Cal.*, 845 F.2d 215, 216 (9th Cir. 1988) (quoting *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967)).

If certification is refused, the applicant may petition the California Supreme Court to review the Committee's determination. Cal. Bus. & Prof. Code § 6066. Because the State Bar serves only an advisory role, its "refusal to certify an applicant does not deprive an applicant of

1 any rights until the supreme court 'expressly or impliedly approves the [State Bar's] refusal . . . so
2 as to . . . have the effect of a denial of admission.'" *Pell*, 99 F.4th at 1132; *see Margulis*, 386
3 F.2d at 216 ("The Committee's decision not to certify a candidate is itself simply of no legal
4 significance."). Accordingly, seeking review from the California Supreme Court "is not a matter
5 of exhausting state remedies in respect to an alleged federal right but of there being no basis for
6 any alleged federal right to exist as to the Committee's actions until the California Supreme Court
7 in the exercise of its original power over admissions has allowed these actions to serve as a
8 deprivation." *Id*.

9 Plaintiff specifically alleges that she withdrew her appeal challenging the Committee's
10 adverse moral character determination, and there are no allegations that plaintiff petitioned the
11 California Supreme Court to review any other adverse determination. Accordingly, she does not
12 state a claim for violation of her constitutional rights.

13       **B.**     **Americans with Disabilities Act**

14 The ADA contains three main subchapters, known as Titles, that prohibit certain forms of
15 discrimination. *Collazo-Rosado v. Univ. of P.R.*, 775 F. Supp. 2d 376, 383 (D.P.R. 2011). "Title
16 I of the Act forbids discrimination against the disabled in the terms and conditions of
17 employment. 42 U.S.C. § 12112; Title II prohibits discrimination against the disabled in access
18 to public services [(such as transportation)], 42 U.S.C. § 12132; and Title III of the ADA
19 proscribes discrimination against the disabled in public accommodations." *Id*. Each of these
20 subchapters contains its own remedies and enforcement provision. *See* 42 U.S.C. §§ 12117,
21 12133, 12188.

22 In enacting the ADA, Congress unequivocally expressed its intention to abrogate Eleventh
23 Amendment immunity. 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh
24 amendment to the Constitution of the United States from an action in [a] Federal or State court of
25 competent jurisdiction for a violation of this chapter."). However, the Supreme Court and the
26 Ninth Circuit have concluded that Congress did not validly abrogate all provisions. *In Bd. of*
27 *Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court found that
28 states enjoy Eleventh Amendment immunity for suits brought under Title I, concluding that

1  Congress did not validly abrogate immunity under Title I of the ADA. *Id.* at 966. Relying on
2  that holding, the Ninth Circuit held in *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2021),
3  that Congress did not abrogate Eleventh Amendment immunity for Title V retaliation claims "at
4  least where . . . predicated on alleged violations of Title I."

"The Ninth Circuit has repeatedly found that Congress validly abrogated state immunity when it enacted Title II of the ADA." *Video Gaming Technologies, Inc. v. Bureau of Gambling Control*, 621 F. Supp. 2d 918, 920 (E.D. Cal. 2008); *see Dare v. California*, 191 F.3d 1167, 1173 (9th Cir. 1999); *Clark v. Cal. Dep't of Corrections*, 123 F.3d 1267, 1270 (9th Cir. 1997); *Hason v. Medical Bd.*, 279 F.3d 1167, 1171 (9th Cir. 2002); *Thomas v. Nakatani*, 309 F.3d 1203, 1209 (9th Cir. 2002); *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002). Accordingly, sovereign immunity does not bar plaintiff's Title II claim.

Nevertheless, I agree with the Committee that plaintiff's allegations fail to state an ADA claim. To state a Title II claim, plaintiff must allege that: "(1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Sheehan v. City and Cnty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds*, 575 U.S. 600 (2015).

Plaintiff alleges that she is an individual with a disability and that she was improperly denied testing accommodations. Plaintiff, however, neither alleges the nature of her disability nor does to specify the specific accommodations she was denied. In fact, the complaint indicates that the Committee granted her request for testing accommodations.[5] Consequently, the complaint fails to state a claim for violation of the ADA.

---

[5] Although plaintiff does allege that the Committee denied plaintiff's request to take the February 2024 exam in Ontario, plaintiff's allegations indicate that decision was made in order to provide plaintiff with her requested accommodations. Indeed, plaintiff specifically alleges that she was notified that her requested accommodations were not available at the Ontario test site. ECF No. 20 ¶¶ 15, 77.

### C.     State Law Claims

Plaintiff also alleges state law claims for intentional infliction of emotional distress, defamation, undue influence, and obstruction of justice. Like plaintiff's section 1983 claims, her state claims are also barred by the Eleventh Amendment.

"The Eleventh Amendment generally prohibits federal courts from hearing suits brought by private citizens against state governments, unless the state has consented to be sued." *C.T. v. Redondo Beach Unified Sch. Dist.*, 2019 WL 1557431, *2 (C.D. Cal. 2019); *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1152 (9th Cir. 2018) ("A state's waiver of Eleventh Amendment immunity and consent to suit must be 'unequivocally expressed.'"); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). The Ninth Circuit has held that in passing the Unruh Civil Rights Act, California did not specifically consent to being sued in federal court. *See Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006). And courts in this Circuit have concluded that California has not consented to suit in federal court for tort claims. *See, e.g.*, *Konig v. State Bar of California*, No. C 04-2210 MJJ, 2004 WL 2091990, *4 (N.D. Cal. Sept. 16, 2004) (holding that the California State Bar and state officials sued in their official capacities were immune from suit for state law claims); *Arellano v. Oxnard Sch. Dist.*, No. 2:17-cv-08789-CAS(MRWx), 2018 WL 6016977, *11 (C.D. Cal. 2018) ("Because it does not appear that the State of California has consented to suit regarding . . . state law tort claims . . . , and because the District is a state agency, the District appears to [be] absolutely immune from suit for these claims in federal court."); *see also Pennhurst*, 465 U.S. at 99 n.9 ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."). Because plaintiff's state claims are barred by the Eleventh Amendment, they should be dismissed without leave to amend.[6]  *See Lopez*, 203 F.3d at 1130.

---

[6] Plaintiff's request for injunctive relief does not save her state claims; the *Ex parte Young* exception does not extend to state law claims. *Pennhurst*, 465 U.S. at 90 (holding that "when a plaintiff alleges that a state official has violated *state* law[,] . . . the entire basis for the doctrine of *Young* . . . disappears").

10

**Motions for Injunctive Relief**

Plaintiff has also filed three motions for injunctive relief that seek, among other things, an order enjoining the Committee from administering future bar examinations until it modifies its testing and grading procedures. ECF Nos. 4, 23, & 24.

To obtain injunctive relief, plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). As discussed above, plaintiff's complaint fails to state a viable claim against the Committee. She therefore has failed to demonstrate that she is likely to succeed on the merits. Accordingly, I recommend that her motions for injunctive relief be denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to issue summons, ECF No. 29, is granted.

2. The Clerk of Court is directed to issue summons for defendants Tara Clark, Richardo Thompson, Ezra Angelus, Thomas Mills, Elizabeth Stine, and Jennifer Roque.

3. Plaintiff is hereby notified that she must serve each of these defendants with a copy of the summons and operative complaint within ninety days of the date this order issues.

4. Plaintiff's motion for sanctions, ECF No. 21, is denied.

Further, it is RECOMMENDED that:

1. Defendant Committee of Bar Examiners' motion to dismiss, ECF No. 28, be granted.

2. Plaintiff's claims under 42 U.S.C. § 1983 and state law claims be dismissed without leave to amend.

3. Plaintiff's claim for violation of Title II of the ADA be dismissed with leave to amend.

4. Plaintiff be granted thirty days from any order adopting these findings and recommendations to file an amended complaint.

5. Plaintiff's motions for injunctive relief, ECF Nos. 4, 23, & 24, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE