ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER KO (324623)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 765-1000
Fax: (415) 538-2321
Email: jennifer.ko@calbar.ca.gov

Attorneys for Defendants
COMMITTEE OF BAR EXAMINERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSIE MORAN SANTILLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CALIFORNIA BAR EXAMINERS, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00571-DJC-JDP<br><br>**DEFENDANT COMMITTEE OF BAR EXAMINERS' PROPOSED BRIEFING SCHEDULE AND POSITION REGARDING FURTHER AMENDMENT**<br><br>JUDGE:    Hon. Jeremy D. Peterson<br>TRIAL DATE:    Not Set<br>ACTION FILED:    February 26, 2024<br>HEARING DATE:    Not Set |

1   On November 18, 2025, this Court ordered that Plaintiff Chelsie Santillan ("Plaintiff")
2   and Defendant Committee of Bar Examiners ("Defendant" or "State Bar") file a proposed
3   briefing schedule within fourteen days on Plaintiff's Seventh Amended Complaint ("7AC") and
4   provide their respective positions on whether Plaintiff should be permitted to file a further
5   amended pleading. Dkt. 61. On November 20, 2025, the State Bar contacted Plaintiff by email
6   regarding the Court's November 18, 2025, Order. On November 21, 2025, Plaintiff responded
7   by email. On November 24, 2025, the State Bar requested that Plaintiff further clarify her
8   position but did not receive a further response from Plaintiff as of the time of this filing. The
9   parties' respective positions are provided below.

**State Bar's Position**

Because the Ninth Circuit vacated this Court's Order with respect to only Plaintiff's Title II ADA claim and remanded for reconsideration consistent with *Kohn v. State Bar of California*, 119 F.4th 693 (9th Cir. 2024), this Court's prior ruling dismissing all of Plaintiff's remaining claims in the 7AC without leave to amend remains undisturbed. *See* Dkts. 46, 55. Indeed, this Court has already determined in its prior ruling that all of Plaintiff's section 1983 and state-law claims should be dismissed without leave to amend based on the State Bar's Eleventh Amendment immunity, and that ruling remains undisturbed by the Ninth Circuit's order. *Id*. Thus, the State Bar maintains that the reconsideration ordered by the Ninth Circuit may be satisfied by the parties submitting supplemental briefing on *Kohn* rather than requiring an additional round of briefing on the 7AC or granting Plaintiff leave to file a further amended complaint. To the extent that the Court orders supplemental briefing on *Kohn*, the State Bar requests that the Court enter the following briefing schedule: the parties are required to file supplemental briefing not exceeding ten pages in length on the impact of *Kohn* on Plaintiff's sole remaining Title II ADA claim within thirty days of the Court's order; and the matter will be taken under submission thereafter.

As to whether Plaintiff should be granted leave to file an amended pleading, the State Bar opposes Plaintiff being permitted to file an Eighth Amended Complaint ("8AC"). The State Bar maintains that further amendment would be futile for the following reasons: (1) as noted

-1-

above, the only question remaining for the Court is purely a matter of law and concerns whether sovereign immunity has been abrogated as to the State Bar as to Plaintiff's Title II ADA claim under the claim-by-claim, three-factor test in *United States v. Georgia*, 546 U.S. 151, 159 (2006), and there are no new facts that would be relevant to this analysis; (2) also as noted above, the Court has already dismissed all of Plaintiff's section 1983 and state-law claims without leave to amend based on the State Bar's Eleventh Amendment immunity and the Court need not revisit dismissal of these claims (*see* Dkt. 46); (3) Plaintiff has already filed a Complaint and seven amended pleadings—well beyond the limitation imposed by Federal Rule of Civil Procedure 15(a)—and is still unable to state a claim against the State Bar (*see* Dkts. 1, 3, 5, 6, 7, 8, 9, 20); and (4) Plaintiff should not be permitted to add new defendants to this action because Plaintiff has failed to properly serve any other defendant other than the Committee of Bar Examiners despite being granted adequate time to do so (*see* Dkt. 28 at 7; Dkts. 36, 37, 46) and Title II ADA claims—the only claim that is subject to this Court's reconsideration—cannot be asserted against individual defendants (*see Thomas v. Nakatani*, 128 F. Supp. 2d 684, 692 (D. Haw. 2000), *aff'd*, 309 F.3d 1203 (9th Cir. 2002)).[1] Thus, the State Bar maintains that Plaintiff should not be granted leave to file an 8AC.[2] If, however, this Court is nonetheless inclined to permit Plaintiff to file yet another amended pleading, Plaintiff should only be authorized to allege a Title II ADA claim against the State Bar and the State Bar respectfully requests that this Court strike any portion of the 8AC that is not in compliance with this Court's order.

Should the Court grant Plaintiff leave to file an amended pleading, the State Bar requests that the Court order the following briefing schedule: Plaintiff is required to file an 8AC within sixty days of the Court's order; Plaintiff is granted leave to amend only her Title II ADA claim;

---

[1] As explained in the State Bar's motion to dismiss the 7AC, the Court need not reach the question of whether Congress has abrogated the State Bar's Eleventh Amendment immunity as to Plaintiff's Title II ADA claim under the doctrine of constitutional avoidance if, as a threshold matter, the Court determines that Plaintiff has not stated a Title II ADA claim. *See* Dkt. 28 at 19.

[2] The State Bar maintains that Plaintiff's failure to inform the Court of her change of address in violation of Local Rule 183(b) serves as an alternative and independent ground for dismissal of this action.

and if Plaintiff files an 8AC, the State Bar is granted sixty days thereafter to file a responsive pleading.

**Plaintiff's Position**

Plaintiff maintains that she should be permitted to file an 8AC adding new causes of action and naming new defendants. Plaintiff has not specifically identified which new causes of action or new defendants she would add to an amended pleading, despite the State Bar's request for further clarification. Plaintiff also requests that she be granted sixty days from any Court order permitting amendment to file an 8AC. *See* Ko Decl., Ex. A.

Dated: December 2, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: /s/ JENNIFER KO
JENNIFER KO
Assistant General Counsel
Attorneys for Defendant
COMMITTEE OF BAR EXAMINERS

## **DECLARATION OF JENNIFER KO**

I, Jennifer Ko, hereby state and declare the following:

1. I am an attorney licensed to practice in this Court. I am employed as an Assistant General Counsel in the Office of General Counsel for the State Bar of California. I represent Defendant the State Bar of California's Committee of Bar Examiners ("State Bar") in this action. I have personal knowledge of the matters stated herein and if called as a witness, I could and would competently testify thereto.

2. On November 18, 2025, this Court issued an Order directing the parties to file, within fourteen days, a proposed briefing schedule on Plaintiff Chelsie Santillan's ("Plaintiff") Seventh Amended Complaint ("7AC"). *See* Dkt. 61. The Court also directed the parties to include their respective positions on whether Plaintiff should be permitted to file an amended complaint. *Id.*

3. On November 20, 2025, I contacted Plaintiff by email, advised her of the State Bar's position on further amendment and proposed briefing schedule, and requested that Plaintiff respond by November 26, 2025.

4. On November 21, 2025, Plaintiff responded by email and indicated that she would seek leave to file an amended complaint adding new causes of action and new defendants. Plaintiff also indicated that she would request sixty days to file any such amended complaint.

5. On November 24, 2025, I responded to Plaintiff and requested that she clarify which new causes of action and which new defendants she would seek to add in an amended complaint. As of the time of filing, I have not received a response from Plaintiff.

6. Attached as **Exhibit A** is a true and correct copy of my email correspondence with Plaintiff as described in paragraphs three through five.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of December 2025, in Los Angeles, California.

*/s/ JENNIFER KO*
JENNIFER KO

-4-

# EXHIBIT A

| | |
|---|---|
| **From:** | Ko, Jennifer |
| **To:** | "chelsie santillan" |
| **Subject:** | RE: Santillan v. California Bar Examiners, et al. (Case No. 2:24-cv-00571-DJC-JDP) |
| **Date:** | Monday, November 24, 2025 4:57:00 PM |

Ms. Santillan:

Thank you for your response. Could you kindly clarify which new causes of action and which new defendants you will seek to add in an amended complaint?

Thank you.

Jen Ko (she/her/hers)
Assistant General Counsel, Office of General Counsel
The State Bar of California | 845 South Figueroa Street | Los Angeles, CA 90017
213-765-1269 | jennifer.ko@calbar.ca.gov

**OUR VALUES** | Clarity • Investing in Our People • Excellence • Respect • Growth Mindset
_____

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.
LinkedIn | Twitter | Facebook | Instagram | YouTube

---

**From:** chelsie santillan <chelsiesantill@gmail.com>
**Sent:** Friday, November 21, 2025 10:02 AM
**To:** Ko, Jennifer <Jennifer.Ko@calbar.ca.gov>
**Subject:** Re: Santillan v. California Bar Examiners, et al. (Case No. 2:24-cv-00571-DJC-JDP)

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Ms. Ko, I hope this email finds you well. As a result of so much delay in this case I have ensued more injury and so has the country. I find it necessary to amend the complaint to add more causes of action and new defendants for if I didn't I would be doing my country in Injustice and I would be failing to uphold the Constitution as it is the oath I swore at birth through Christ Jesus to God and my country. I will ask for leave to amend and it is a tremendous amount of work involving international customary law, something I am credentialed as expert in. Along with copyright infringement and obstruction of justice. 60 days would be more fair given this is and has always been a solo mission.

Please let me know. Please be well. I hope it's been an easy transition back to the office post partum for you.

Blessings,

Chelsie Santillan

On Thu, Nov 20, 2025, 1:30 PM Ko, Jennifer <Jennifer.Ko@calbar.ca.gov> wrote:

> Ms. Santillan:
>
> I hope that this email finds you well. As you may know, the Magistrate Judge issued an order on November 18, 2025, requiring the parties to file within fourteen days, a proposed briefing schedule regarding your Seventh Amended Complaint ("7AC") and noting the parties' respective positions on whether you should be permitted to file an amended complaint. The Court's November 18, 2025, Order is attached for your review.
>
> The State Bar opposes the Court granting leave to file an Eighth Amended Complaint ("8AC"). However, if the Court permits amendment, the State Bar will propose the following briefing schedule: (1) that you be required to file an 8AC within thirty days of any such Court order permitting amendment; (2) that the Court only grant leave to amend your Title II ADA claim in an 8AC; and (3) the State Bar be granted thirty days to respond to your 8AC.
>
> If instead you wish to notify the Court that you elect to proceed on the 7AC, the State Bar will propose that the State Bar's motion to dismiss the 7AC (Dkt. 28) will serve as the State Bar's responsive pleading.
>
> Could you kindly advise of your position by Wednesday, November 26th? I will note your position in the State Bar's filing which is due on December 3, 2025.
>
> Thank you.
>
>
> Jen Ko (she/her/hers)
> Assistant General Counsel, Office of General Counsel
> The State Bar of California | 845 South Figueroa Street | Los Angeles, CA 90017
> 213-765-1269 | jennifer.ko@calbar.ca.gov
>
> **OUR VALUES** | Clarity • Investing in Our People • Excellence • Respect • Growth Mindset
> _____
> ***Working to protect the public in support of the mission of the State Bar of California.***
> Please consider the environment before printing this email.
> LinkedIn | Twitter | Facebook | Instagram | YouTube

# DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On December 2, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANT COMMITTEE OF BAR EXAMINERS' PROPOSED BRIEFING SCHEDULE AND POSITION REGARDING FURTHER AMENDMENT; DECLARATION OF JENNIFER KO**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Chelsie M. Santillan
PO Box 188014
2121 Broadway
Sacramento, CA 95818
Chelsiesantill@gmail.com
C_santillan@u.pacific.edu
Pro Per

By the following means:

☒ (**By E-Mail or Electronic Transmission**) By e-mailing the document(s) to the person(s) at the e-mail address(es) listed above, from e-mail address ryan.sullivan@calbar.ca.gov, per agreement in accordance with CRC Rule 2.251 and Code of Civil Procedure § 1010.6. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on December 2, 2025.

*Ryan Sullivan*
Ryan Sullivan

---

Defendant Committee of Bar Examiners' Proposed Briefing Schedule and Position Regarding Further Amendment
Case No. 2:24-cv-00571-DJC-JDP